## LUCAS v. RICHMOND & D. R. Co.

*(Circuit Court, D. South Carolina.   December 2, 1889.)*

RAILROAD COMPANIES—WALKING ON TRACK—NEGLIGENCE.
 In an action for personal injury, it appeared that plaintiff was walking on defendant's railroad track, and stepped off a few feet, when a train passed, and he saw the shadow of something, and was felled to the ground; that a severe wound was found on his head, and a stick of wood, similar to the sticks used on the locomotive, was found imbedded in the earth near where he fell. There was no other evidence that the wood was thrown from the locomotive, or how it was thrown, or that it struck plaintiff. The speed of the train was about 60 miles an hour. *Held* that, as there was no contractual relation between plaintiff and defendant, there was no presumption of negligence against the latter, and a verdict should be directed for the defendant.

On Motion to Instruct the Jury to Find for Defendant.
*Andrew Crawford* and *G. T. Graham,* for plaintiff.
*J. L. Orr* and *J. C. Haskell,* for defendant.

SIMONTON, J.   The plaintiff brings this action against the defendant for negligence.   He was walking on the railroad track from Batesburg to Leesville, in this state.   The track had been used for over 20 years as a pathway by the inhabitants of these two towns, which are about two miles apart.   While so walking he heard a coming train, and stepped off the track, placing himself along-side of an embankment, about breast high, and some eight or nine feet from the track.   Just as the engine and tender which constituted the train passed him, he saw the shadow of something in the air, and was felled to the ground.   He lost consciousness for a time.   Recovering, he pursued his way to Leesville, and was attended by a physician.   A severe wound was found on the side of his head, made by some blunt instrument.   The accident was about noon-day.   In the afternoon he walked to the place of the accident, some 600 yards from Leesville.   There he found a piece of wood, similar to that used for firing up locomotives on this road, and supposed that it was the piece which struck him.   It was imbedded in the bank where he was standing.   The witnesses for plaintiff say that the train was running at an unusual speed, some say 60 miles an hour.   The track at this place is smooth and straight, within the corporate limits of Leesville, in the outskirts of the town.   The gist of this action is negligence. It must be alleged and proved.   There being no contractual relation be-

tween these parties, there is no presumption of negligence against the defendant. There is no proof that the stick of wood found by plaintiff, and supposed to be the cause of the injury, was not lying in the place it was found anterior to the accident. There is no proof that it ever was on the engine or tender. None that it came from either, or, if it did come from either, whether it came from under the engine, from in front of it, or from the top or the back of the tender. It may have been on the track, thrown off by the cow-catcher. It may have been on the rail, and have been thrown off by the wheel. It may have come from the tender, although there is no proof that the tender was full of wood, or, indeed, had any wood at all in it. This constitutes the distinction between this case and the class of cases quoted by Mr. Thompson in his work on Negligence. *Kearney* v. *Railway Co.*, and notes, 2 Thomp. Neg. 1220. The maxim, *res ipsa loquitur*, does not apply. A case must be made out by facts, not conjecture. Proof must be furnished the jury, not grounds for guess-work; and these facts and proofs the plaintiff must establish before he can retain his standing in court. The jury are instructed to find a verdict for defendant. The circuit judge has been detained in Baltimore by trial of a capital case. This case is important to plaintiff. He should have the benefit of a full court. Leave is given him to move for a new trial before the court as soon as the circuit judge shall arrive.

### ON MOTION FOR NEW TRIAL.

(December 5, 1889.)

Before BOND and SIMONTON, JJ.

BOND, J. It appears from the statement of facts in this case that the plaintiff, Lucas, was walking along the track of the defendant company, where the people of the neighborhood were accustomed to walk when visiting from one village to another. He saw the train of the defendant company approaching, and stepped off the track, and placed himself in an upright position, nine feet from the track, with his back against the bank of earth left there when the cut was made through which the track was laid. The engine and tender were propelled at the rate of 60 miles an hour. After it had passed about 20 minutes, the plaintiff was discovered seriously wounded in the road. There was, near where the plaintiff was standing, found imbedded in the bank a piece of wood like that found at a neighboring wood-pile, where the tender had been supplied with wood. It appears the embankment against which plaintiff was standing was about breast high, as some say, others making it as high as his head. The piece of wood was not found on this elevation. Upon this case, the district judge, then sitting in the circuit court, directed the jury to find a verdict for the defendant. A motion for a new trial was made, which, at the request of the district judge, I have heard argued. I do not see upon what ground the plaintiff can recover. He was walking upon the railroad track, a common place to walk, perhaps, but still the railroad company was bound to exercise no extraordinary care because

of any permission or license he may have acquired by custom to walk there, and there is no proof that they were not as careful on this occasion in the management of their locomotive and tender as on any other part of their road. To run a train at 60 miles an hour is not negligence, nor in itself to be reprimanded. The plaintiff, when he undertook to walk the defendant's track, took all the risks of such a promenade incident to the railroad's proper conduct of its business. While standing there the plaintiff says he saw the shadow of something in the air, which struck him, and then he lost consciousness. This is all the proof there is that the thing that wounded him came from the engine or tender of the defendant, except that a stick was found imbedded in the bank, behind his back, not head, after he was picked up. It would be mere guesswork for the jury to find that the wound was produced by this stick of wood. It might have been there for weeks. There was no blood on it; nothing but the shadow of something in the air to indicate the cause of plaintiff's unfortunate wound. But suppose, for the sake of the case, the stick of wood fell from the tender, or, already upon the track, was struck by the cow-catcher, and sent flying through the air. What help would that be to plaintiff's case? Would any amount of care prevent this? Is not a cow-catcher put on the engine to knock things off the track? The plaintiff in this case, it seems to me, took all the risks of danger and accident incident to running cars on the track where he was. If it were proved, which it is not, that the accident was caused by defendant's engine or tender, and it appeared, as it does, that the machinery was run in the ordinary way, he would not be entitled in law to recover. Sixty miles an hour for short distances is not unusual. I think the district judge was right in instructing the jury that plaintiff had no case, and directing a verdict for defendant.

SIMONTON, J., concurred.